JANE E. BULLARD, APPELLANT, *v.* ARTHUR W. BENSON AND OTHERS, EXECUTORS, ETC., OF JOHN BULLARD, DECEASED, RESPONDENTS.

*Will — devise and bequest to widow in lieu of dower and all claims against the estate — when she cannot share in lapsed legacies which pass to the next of kin.*

The will of the defendant's testator, after giving certain legacies, gave to the widow certain real and personal property and a life estate in one-fifth of the residue, provided that " it is my will, and I do hereby declare, that the devises and bequests hereinbefore made to and for the benefit of my beloved wife Jane E. Bullard are made and shall be accepted and received by her in lieu and bar of dower, and of all claims she may have upon or against my estate as my widow." Two of the legacies lapsed.

*Held,* that these legacies were undisposed of and should be paid to the next of kin.
That the widow was excluded by the provisions of the will from sharing in the distribution thereof, as in ordinary cases of intestacy.

APPEAL from a decree of the surrogate of Kings county, made upon the final settlement of the accounts of the executors of John Bullard, deceased.

John Bullard died leaving a will by which, after giving certain legacies, he disposed of his residuary estate by giving two-fifths thereof to his brother William, one-fifth to his nephew John, one-fifth to his nephew Lewis H., and a life estate in the remaining fifth to his widow, with the remainder over to his brother and nephews.

In settling the estate the widow claimed, among other things, to be entitled under the statute of distribution to a portion of two of the legacies which had lapsed by the death of the legatees in the lifetime of the testator, and also that in determining the amount of the residuary estate the income received by the executors after the death of the testator should be included therein. Both of these demands were overruled by the surrogate.

*Charles J. Lowrey* and *James Emott,* for the appellant.

*Benjaman D. Silliman* and *Philip H. Adee,* for the executors, respondents.

Barnard, P. J. :

The testator, by his will, devised real estate to his wife and cash to a large amount, and made her the legatee of the life estate of one-fifth of his residuary estate, real and personal. By the twenty-fourth clause of the will he provides that " it is my will, and I do hereby declare that the devises and bequests hereinbefore made to and for the benefit of my beloved wife, Jane E. Bullard, are made and shall be accepted and received by her in lieu and bar of dower and of all claims she may have upon or against my estate as my widow." The will gave legacies to a brother and cousin who died before the testator, and these legacies lapsed. Those legacies are under the case of *Kerr* v. *Dougherty* (79 N. Y., 327), undisposed of and pass to the next of kin. The question presented is whether the widow takes the usual widow's portion of those legacies as in cases of intestacy. The question is answered by the Court of Appeals in *Chamberlain* v. *Chamberlain* (43 N. Y., 424). In that case there were bequests to the widow in lieu of dower and any other shares and interest in the estate. Some of the legacies were void, and it was held that the widow must be excluded from receiving any part thereof. There is no difference between a lapse and an invalid disposition in other ways as by an illegal bequest. The legacies in such cases fail and the property is undisposed of. The words in the present will, in reference to the widow's exclusion from the estate, are fully as comprehensive as in *Chamberlain* v. *Chamberlain*. The court say : " The words employed are sufficient to exclude the widow's claim to recover any part of the estate not specifically given to her by the will. The testator in substance declares that his widow shall, if she takes under the will, receive so much and no more, and that the same shall be in satisfaction of every other claim and demand upon the estate and every part of it."

The condition was imposed, not for the benefit of other legatees, but as a limitation of the claims of the widow upon the estate. These words would be sufficient to exclude the wife, if she accepted, from all participation in the estate, if the remainder was wholly undisposed of by the will, and as to those legacies that is the position in which the appellant stands.

The remaining portion of the decree appealed from is correct. As to the appellant, the residuary estate is what is left after pay-

ment of legacies and costs and expenses of the execution of the will and of the accounting. This includes the commissions of the executors. The interest allowed to the appellant upon her legacy must be deducted before the residue is reached.

The part of the decree appealed from should be affirmed, with costs.

PRATT and DYKMAN, JJ., concurred.

Part of surrogate's decree appealed from affirmed, with costs.